**2018 UT App 107**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JOSHUA PAUL CHAPMAN,
Appellant.

Opinion
No. 20150303-CA
Filed June 14, 2018

Third District Court, Salt Lake Department
The Honorable Vernice S. Trease
No. 081906646

Lori J. Seppi and Scott A. Wilson, Attorneys
for Appellant

Sean D. Reyes and Christopher D. Ballard, Attorneys
for Appellee

JUDGE JILL M. POHLMAN authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN and RYAN M. HARRIS
concurred.

POHLMAN, Judge:

¶1     Joshua Paul Chapman appeals the district court's denial
of his motions related to a restitution order entered against him.
We affirm.

### BACKGROUND

¶2     The State charged Chapman with two counts of securities
fraud based on two hard money loans the victim (Victim) made
to Chapman's co-defendant, Dennis Rowley. The first loan was
for $70,000 (Count 1), and the second loan was for $140,000

(Count 2). Chapman acted as an intermediary between Victim and Rowley to facilitate the loans.

¶3     A jury convicted Chapman only on Count 1, acquitting him on Count 2.[1] Chapman was sentenced to serve a prison term of one to fifteen years, but the district court suspended that sentence and instead placed him on probation. As part of his probation, the district court ordered Chapman to pay $70,000 in restitution jointly and severally with Rowley. Chapman appealed his conviction, which this court affirmed in *State v. Chapman*, 2014 UT App 255, 338 P.3d 230.

¶4     Chapman requested a restitution hearing to "determine what portion, if any, of the $70,000" he should be held accountable for, and to set monthly payments. In a June 2012 restitution hearing,[2] Chapman did not dispute that he was ordered to pay the restitution jointly and severally with Rowley. Instead, he argued that "he should be ordered to pay much less" of the $70,000 restitution obligation than Rowley. In this regard, Chapman contended that he was less culpable than Rowley because he "just brought [Rowley and Victim] together," while Rowley was actually responsible for "dissipat[ing] all the funds."

¶5     In contrast, the State argued that Chapman's "point that [Rowley] is more culpable . . . doesn't matter at this time" because Chapman had been "convicted by a jury of his peers." The State also contended that it was a "mischaracterization" to claim that Chapman was less culpable because Chapman "was intimately involved with both transactions" and, along with

---

1. Rowley pleaded guilty to one count of securities fraud and one count of theft. As part of his sentence, he was ordered to pay $210,000—the full value of the loans—in restitution.

2. A different judge presided over the restitution proceedings than had presided over the sentencing proceeding.

Rowley, "engaged in this fraudulent activity." In any event, the State noted that, because Chapman was jointly and severally liable with Rowley for the $70,000, "if they both pay on schedule," the "reality of it" is that Chapman would probably "end up . . . only paying $35,000" "so long as [Rowley] continues to pay."

¶6     The district court determined that the restitution would "remain as set at $70,000," jointly and severally with Rowley. In response to Chapman's suggestion that he should be accountable for less than the full amount, the court stated that the jury "found him guilty," that it was "uncomfortable . . . stepping into the juror's position," and that "the amount that was previously ordered [at sentencing] is appropriate based on that verdict." The court memorialized its ruling in a written order following the hearing, ordering that Chapman's court-ordered restitution would "remain at $70,000 owed jointly and severally with [Rowley]."

¶7     After the June 2012 hearing, Chapman paid monthly restitution payments for approximately two and a half years. During that time, the court held numerous review hearings. As relevant here, in a January 2015 review hearing,[3] Chapman informed the court that the most recent accounting indicated that none of Rowley's restitution payments were being applied to the $70,000 joint and several obligation and that, accordingly, he was going to file a motion to address that issue. In that subsequent motion, Chapman renewed his argument that he was less culpable than Rowley. He also contended that his lesser culpability as well as his financial inability to pay the full $70,000 should persuade the court to apply Rowley's restitution payments to the $70,000 joint obligation first, before Rowley's

---

3. A different judge presided over the 2015 and 2016 review hearings than had presided over the 2012 restitution proceedings.

individual obligation to repay the $140,000 as restitution for Count 2.

¶8     In a February 2015 review hearing, the court first ordered that Chapman's probation be extended for as long as it took to pay the restitution.[4] The court then addressed Chapman's motion. It noted that the "whole purpose for joint and several [liability] is to put the interests of the victim" before those of the defendants "if one defendant can't pay for whatever reason." Chapman agreed that he would be liable "to pay the entire amount or whatever's left" under joint and several liability if Rowley became unable to pay. But Chapman contended that Rowley *was* paying restitution, and he asserted that, as a result, "the equities of the situation, both financially and by their part in this crime," weighed in favor of Rowley's restitution payments "to go towards that $70,000" first and in favor of Chapman "paying a lot less" than Rowley.

¶9     The court denied Chapman's request, but it did so without prejudice, noting that circumstances could change in the future. In doing so, the court stated that "regardless of what Mr. Chapman's participation was," the jury returned a "verdict of guilty in that at minimum he was a party to the offense," which meant that he was responsible for the loss associated with his fraudulent behavior. The court also noted that, by virtue of the joint and several liability for the $70,000, Chapman "may end up . . . pay[ing] the major portion or all of the $70,000." And the court specifically declined to order that Rowley's restitution payments be first applied to the $70,000, where Rowley and his lawyer were not present to provide input or object.

---

4. The State had filed a motion for an order to show cause because, as of January 2015, Chapman's three-year probation was set to conclude but Chapman had not satisfied his restitution obligation. The court's order to extend probation resolved the State's motion.

¶10 Following the hearing, Chapman refiled his motion, and the court withheld its ruling until the motion was sent to Rowley and Rowley had time to respond. Rowley responded. He asserted that Chapman's request was contrary to his own sentencing order, which provided that his payments would be applied first to the $140,000 obligation he owed individually to Victim, and he stated that he agreed with and supported the State's position on the issue. Thereafter, the district court entered its order on Chapman's motion, denying Chapman's request "to include the payments of [Rowley] to reduce the balance of [his] remaining restitution."

¶11 Chapman moved to reconsider in April 2016.[5] In his motion, he argued that it was appropriate to apply Rowley's payments to the $70,000 restitution order for three reasons: "(A) it is, or should be, the law of the case, (B) it promotes fairness and accomplishes the purposes of restitution, and (C) it is consistent with the restitution statute." In an August 2016 hearing, the court denied the motion for reasons it had identified before. In doing so, the court reaffirmed its previous interpretation that joint and several liability in context meant "that [Chapman] will make the payments or pick up the payments" if Rowley was "unable to."

¶12 Chapman appeals the district court's denial of his motion to apply Rowley's restitution payments first to the $70,000 joint and several obligation as well as his motion to reconsider.

ISSUE AND STANDARD OF REVIEW

¶13 Chapman argues that the district court exceeded its discretion by denying his request to order that Rowley's restitution payments be applied first to the $70,000 joint and

_____

5. During the briefing of the motion to reconsider, Rowley passed away.

several obligation. "We will not disturb a district court's restitution determination unless the court exceeds the authority prescribed by law or abuses its discretion." *State v. Ogden*, 2018 UT 8, ¶ 25, 416 P.3d 1132 (quotation simplified).

ANALYSIS

¶14 Chapman requests that we reverse and remand the court's denial of his requests to have Rowley's restitution payments applied first to the $70,000 joint and several obligation. To persuade us that reversal is appropriate, he points to the law of the case doctrine, the restitution statute, and the equities and purposes underlying restitution, contending that each ought to persuade us that the court erred by denying his motions. We disagree.

¶15 Chapman first contends that reversal is appropriate under the law of the case doctrine, asserting that the parties "reached a controlling agreement at the time restitution was ordered that Rowley's payments would go to the joint-and-several obligation first." As support, he points to certain statements made by both the prosecutor and the district court. For example, Chapman contends that the prosecutor represented to the court more than once that Chapman would end up paying only half of the $70,000 if Rowley "kept making restitution payments." He also points to a statement the court made in the preliminary restitution hearing that he was not responsible for the entire $70,000 because "it's joint and several." He claims that, based on these representations, it was understood by the parties and the court that he would pay only about half of the $70,000 and that that understanding should be enforced by this court under the law of the case doctrine.[6]

---

6. The State contends that Chapman has not preserved his law of the case argument where it was first raised in a post-judgment

(continued…)

¶16 "Under the law of the case doctrine, a decision made on an issue during one stage of a case is binding in successive stages of the same litigation. Thus, the doctrine allows a court to decline to revisit issues within the same case once the court has ruled on them." *IHC Health Services, Inc. v. D & K Mgmt., Inc.*, 2008 UT 73, ¶ 26, 196 P.3d 588 (quotation simplified). In particular, "[w]hile a case remains pending before the district court prior to any appeal, the parties are bound by the court's prior decision." *Id.* ¶ 27.

¶17 Chapman has not demonstrated that, as a threshold matter, the law of the case doctrine applies to the circumstances present here. The court made no court ruling or legal decision—orally or in writing—that Rowley's restitution payments should be applied first to the joint and several obligation Rowley shared with Chapman or that Chapman should be responsible for paying less than the full $70,000 obligation. *See id.* ¶¶ 26–27 (explaining that the law of the case doctrine involves decisions and rulings made "during one stage of a case" (quotation simplified)). At best, the State and the court orally expressed conditional statements that, if Rowley's payments continued apace, Chapman would *likely* pay only approximately half of the $70,000 obligation—statements that themselves were entirely consistent with the well-settled meaning of joint and several liability. *See Joint-and-Several-Liability Doctrine*, Black's Law

_____

(…continued)

motion for reconsideration. However, the district court acknowledged that the restitution issue was evolving, subject to reconsideration under its continuing jurisdiction. Chapman then raised the law of the case argument in a reconsideration motion, which the court proceeded to deny on its merits. We therefore consider this issue preserved. *See generally State v. Johnson*, 2017 UT 76, ¶ 15, 416 P.3d 443 ("An issue is preserved for appeal when it has been presented to the district court in such a way that the court has an opportunity to rule on it." (quotation simplified)).

Dictionary (10th ed. 2014) ("The principle that when two or more persons cause an injury, each is liable for the full amount of damages.").

¶18   In this regard, it is significant that, while it made no ruling or decision that Rowley's restitution payments be first applied to the $70,000 obligation, the court *did* repeatedly affirm in the restitution hearings and its written orders that Chapman was jointly and severally liable for the entire $70,000 obligation. Chapman himself also represented to the court that he understood his joint and several liability with Rowley meant that he could be responsible to repay the entire $70,000 in the event that Rowley was unable to contribute to it. Chapman has therefore not demonstrated that the court exceeded its discretion by denying his motion to reconsider on the basis of the law of the case doctrine.

¶19   Chapman also has not shown that the court otherwise exceeded its discretion in light of the restitution statute or the equities underlying it. As the district court repeatedly recognized, regardless of whether Chapman believed that he was less culpable than Rowley in the overall scheme, the jury found Chapman guilty of securities fraud related to the $70,000 loan, which meant it found him criminally culpable for Victim's $70,000 loss. Chapman has not demonstrated that it would therefore be appropriate for us on appeal under statute[7] or as a matter of equity or policy to relieve him in some measure from the established loss flowing from his criminal conduct, let alone

---

7. Chapman suggests that joint and several liability is itself not consistent with the restitution statutes. While we acknowledge this suggestion, we do not decide whether ordering joint and several liability is inconsistent with the restitution statute. That question is beyond the scope of this appeal because Chapman did not timely appeal the imposition of joint and several liability, and he is therefore precluded from raising it here.

in the manner he requests—by ordering a change to the application of his co-defendant's restitution payments.

## CONCLUSION

¶20 Chapman has failed to persuade us that the district court exceeded its discretion in denying his motion for Rowley's restitution payments to be first applied to the joint and several obligation and his motion for reconsideration. Accordingly, we affirm.

————